IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| **SENTORIA MCMILLON**, | ) |
| *Plaintiff*, | ) |
| v. | ) |
| **COLE COUNTY, MISSOURI**, <br> c/o Steve Korsmeyer, County Clerk <br> 311 E. High Street, Ste. 201 <br> Jefferson City, MO 65101 | ) |
| and | ) |
| **SHERIFF GREG B. WHITE**, <br> Cole County Sheriff's Office <br> P.O. Box 426 <br> Jefferson City, MO 65102 | ) CASE NO. 2:15-cv-4277 |
| and | ) **JURY TRIAL DEMANDED** |
| **UNKNOWN JAILER**, <br> Cole County Sheriff's Office <br> P.O. Box 426 <br> Jefferson City, MO 65102 | ) |
| and | ) |
| **UNKNOWN LIEUTENANT**, <br> Cole County Sheriff's Office <br> P.O. Box 426 <br> Jefferson City, MO 65102 | ) |
| and | ) |
| **UNKNOWN NURSE**, <br> Cole County Sheriff's Office <br> P.O. Box 426 <br> Jefferson City, MO 65102 | ) |

# COMPLAINT

COMES NOW Sentoria McMillon, Plaintiff, by and through the undersigned counsel, and for her cause of action against Defendants, states as follows:

PARTIES

1. Sentoria McMillon (hereinafter "Plaintiff") is and was at all times mentioned herein a resident of the State of Missouri.

2. At all times relevant herein, Defendant Cole County was a division of the State of Missouri, duly organized under Missouri law, and each of the other individual defendants' acts and omission complained herein represent those of an official policy or governmental custom of Defendant Cole County.

3. Greg B. White (hereinafter "Defendant White") was, at all times relevant to this action, a citizen and resident of the State of Missouri who was the duly qualified, elected, and acting Sheriff of Cole County, Missouri, and who was the chief administrative officer of the Cole County Jail, and as such, was the policymaker thereof as to Defendant Cole County. Defendant White is sued herein in his individual and official capacities to the fullest extent permitted by law.

4. Defendant Unknown Jailer was, at all times relevant to this action, a citizen and resident of the State of Missouri, and was employed by Defendants White and Cole County as a jailer at the Cole County Jail. Defendant Unknown Jailer is sued herein in his individual and official capacities to the full extent permitted by law. Defendant Unknown Jailer's identity will be learned and is readily ascertainable through discovery.

5. Defendant Unknown Lieutenant was, at all times relevant to this action, a citizen and resident of the State of Missouri, and was employed by Defendants White

2

and Cole County as a lieutenant and jailer at the Cole County Jail. Defendant Unknown Lieutenant is sued herein in his individual and official capacities to the full extent permitted by law. Defendant Unknown Lieutenant's identity will be learned and is readily ascertainable through discovery.

6. Defendant Unknown Nurse is and was at all times mentioned herein a natural person who is, and was at all times pertinent herein, a licensed registered nurse in the State of Missouri. At all times pertinent herein, Defendant Unknown Nurse held herself out to the public in general and to Plaintiff in particular as being an able and skilled nurse possessing at least that degree of learning, skill, and training as other similarly situated members in her profession under the same or similar circumstances, and as being well-able to render proper and adequate health care. At all times relevant herein, Defendant Unknown Nurse was an employee, agent, servant, and/or representative of Defendant Cole County. Upon information and belief, Defendant Unknown Nurse was and is a resident of the State of Missouri. Defendant Unknown Nurse's identity will be learned and is readily ascertainable through discovery.

7. At all times relevant to this action, Defendants acted under color of Missouri law.

JURISDICTION AND VENUE

8. This is an action for damages for violations of Plaintiff's federal constitutional rights, and for damages for the state-law claims of medical malpractice/wrongful death.

9. Pursuant to 28 U.S.C. § 1331, this Court has subject-matter jurisdiction because of the federal-question claims asserted herein.

3

10. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction of the state-law claims asserted herein because those claims are so related to said federal-question claims that they form part of the same case or controversy.

11. Venue is proper in this division of this judicial district because, pursuant to 28 U.S.C. § 1391(b)(1), all of the defendants are residents thereof. Such venue is also proper pursuant to 28 U.S.C. § 1391 (b)(2) because the events giving rise to this cause of action occurred in this district.

## FACTS COMMON TO ALL COUNTS

12. On or about January of 2015, Plaintiff became pregnant with an anticipated due date of roughly October 22, 2105.

13. Plaintiff regularly received prenatal care with regards to her unborn child, including regular visits at the University of Missouri, Women's and Children's Hospital (hereinafter "UM-WCH").

14. On September 28, 2015, Plaintiff had a prenatal checkup with Dr. Hung N. Winn, MD, JD, MBA, at the UM-WCH.

15. At said checkup, it was determined that Plaintiff's unborn child was healthy and had a healthy heart rate.

16. On October 6, 2015, Plaintiff was scheduled to appear in the Circuit Court of Cole County, Missouri, Associate Division, in Case No. 15AC-CR01863; however, Plaintiff failed to appear, and a warrant was issued for her arrest.

17. Plaintiff failed to appear at said October 6th Cole County court date because she felt dehydrated and went to see her prenatal care physician at UM-WCH.

18. At her UM-WCH visit on October 6, 2015, after her doctor monitored her and her child, it was determined that both Plaintiff and her unborn child were healthy.

4

19. Plaintiff had another court date on October 7, 2015, in the Circuit Court of Cole County, Municipal Division (Jefferson City).

20. Upon her appearance at her Jefferson City Municipal Court date on October 7th, Plaintiff was arrested on the outstanding warrant arising from her Cole County Circuit Court case.

21. Upon her arrest, Plaintiff was delivered to the Cole County Jail in Jefferson City, Missouri, where she was held as a pretrial detainee.

22. During the time of Plaintiff's said detention, Defendants Cole County and White employed Defendants Unknown Lieutenant, Unknown Jailer, and Unknown Nurse as jailers and nurse in the Cole County Jail.

23. At intake at the Cole County Jail, Plaintiff made the jailers aware that she was pregnant and nearing the due date of her pregnancy, which was roughly two weeks away at that point.

24. Plaintiff was placed in a holding cell in the Cole County Jail immediately adjacent to the intake area.

25. On October 8, 2015, i.e., her second day of detention, Plaintiff began to feel abdominal pain and significant pelvic pressure, which caused Plaintiff to vomit.

26. After roughly 25 minutes of Plaintiff experiencing pain and crying, Defendant Unknown Lieutenant entered the holding cell, checked on Plaintiff, and went to get another jailer.

27. Defendant Unknown Lieutenant returned with Defendant Unknown Jailer, who then took Plaintiff's temperature and blood pressure.

28. During this cursory examination, Plaintiff informed both Defendant Unknown Lieutenant and Defendant Unknown Jailer that she was in pain and in her last weeks of pregnancy, and she held her abdominal area.

29. Defendant Unknown Jailer left the holding cell, returned with two over-the-counter pain tablets, and told Plaintiff that there was nothing they could do for her until the nurse arrived the next morning.

30. Instead of allowing Plaintiff to see an OB/GYN or other qualified doctor, or transferring Plaintiff to a facility where her pregnancy could be monitored or labor induced, Defendants Unknown Lieutenant and Unknown Jailer did nothing and left Plaintiff in the holding cell overnight.

31. Throughout that night, Plaintiff's abdominal and pelvic pain persisted, and she cried throughout the night in the holding cell.

32. The next morning on October 9, 2015, Defendant Unknown Nurse came to examine Plaintiff; checked her temperature, blood sugar, and blood pressure; and felt and pushed on Plaintiff's abdominal area.

33. Plaintiff told Defendant Unknown Nurse that she had not felt her child move since October 8th, i.e., her second day of detention, and that she was scared, and asked Defendant Unknown Nurse if she was allowed to see a doctor.

34. Instead of allowing Plaintiff to see an OB/GYN or other qualified doctor, or transferring Plaintiff to a facility where her pregnancy could be monitored or labor induced, Defendant Unknown Nurse elected to provide for no further care for Plaintiff or her unborn child.

35. Plaintiff was moved on October 9, 2015, from the holding cell adjacent to the intake area to the general population.

36. Later that day, Plaintiff called for Defendant Nurse again and informed her several times that her unborn child still had not moved within the womb since October 8.

37. Again, Defendant Unknown Nurse elected to take no action to ensure the health and safety of Plaintiff and her unborn child.

38. For the next several days, Plaintiff's condition remained largely the same, but Plaintiff's experience of pelvic pressure increased. Plaintiff made several complaints regarding this atypical pain, but she never received any response from the staff at the Cole County Jail and was not allowed to see a doctor.

39. Late in the evening on October 14, 2015, Plaintiff was released from Cole County Jail on her own recognizance.

40. On October 15, 2015, after speaking with her doctor at UM-WCH, Plaintiff went to the emergency room.

41. At the emergency room, Plaintiff learned that her unborn child was dead.

42. On October 16, 2015, doctors induced labor, and Plaintiff was forced to deliver her stillborn child.

43. At the time of delivery, the umbilical cord was not wrapped around the stillborn baby's neck, and the baby's skin was sloughing off and discolored;

44. The doctors at UM-WCH informed Plaintiff that the condition of the baby's skin indicated that the baby had been deceased for roughly one week, which coincides with the time Plaintiff was experiencing atypical abdominal and pelvic pain while incarcerated in the Cole County Jail.

45. Had Defendants Unknown Lieutenant, Unknown Jailer, and/or Unknown Nurse allowed for the transfer of Plaintiff to a facility to see an OB/GYN or qualified

7

doctor, doctors could have properly monitored Plaintiff's pregnancy and, if necessary, induced labor in order to provide life-saving care for Plaintiff's unborn child.

46. But for the aforesaid actions and/or omissions of said defendants, Plaintiff's unborn child would not have endured pain and suffering prior to dying.

47. But for the aforesaid actions and/or omissions of said defendants, Plaintiff would not have lost the consortium, services, companionship, comfort, instruction, guidance, and counsel of her child, and would not have incurred liability for medical, funeral, and burial expenses related to said defendants' conduct which caused the death of Plaintiff's unborn child.

48. Upon information and belief, Defendants White and Cole County failed to adequately train jailers, including Unknown Lieutenant and Unknown Jailer, on the proper handling of pregnant pretrial detainees, especially in circumstances where, such as here, complications arise with the pretrial detainee's pregnancy.

------------------------------- END OF FACTUAL ALLEGATIONS-----------------------------

## CLAIMS FOR RELIEF

### COUNT I – Violation of 42 U.S.C. § 1983
### Deliberate Indifference to a Serious Medical Need
(Defendants Unknown Lieutenant, Unknown Jailer, and Unknown Nurse)

49. Plaintiff incorporates herein the foregoing paragraphs.

50. On October 8, 2015, Defendants Unknown Lieutenant and Unknown Jailer knew that Plaintiff was far along in her pregnancy, nearing full-term, because Plaintiff informed them of the same, and Plaintiff was visibly showing such that her pregnancy was apparent and obvious.

51. Defendant Unknown Nurse was similarly aware that Plaintiff was pregnant and nearing full-term, going so far as to joke of Plaintiff's pregnancy, stating that Plaintiff was so big, it looked as if she was going to have twins.

52. Defendants Unknown Lieutenant and Unknown Jailer knew that Plaintiff was having complications with her pregnancy because Plaintiff told both jailers that she was having abdominal and pelvic pains, such that she was vomiting, Plaintiff told both jailers of her concerns for her unborn child's health, and Plaintiff was audibly crying throughout the night. Plaintiff also made several complaints relating to her and her unborn child's health throughout her incarceration.

53. Defendant Unknown Nurse was similarly aware of Plaintiff's pregnancy complications, and was also aware that Plaintiff's unborn child had not moved since Plaintiff's second day of incarceration, and that it was abnormal for Plaintiff's unborn child to be sedentary.

54. Despite knowing of Plaintiff's pregnancy complications and the fact that Plaintiff was nearing full-term in her pregnancy, Defendants Unknown Lieutenant,

9

Unknown Jailer, and Unknown Nurse did not allow Plaintiff to see a doctor or otherwise receive prenatal care for her unborn child.

55. Because Plaintiff's unborn child was nearing full-term, had Defendants Unknown Lieutenant, Unknown Jailer, and Unknown Nurse allowed Plaintiff to receiving an evaluation by an OB/GYN or other qualified doctor, the doctor could have induced labor and provided life-saving treatment to the child, or placed Plaintiff on in-hospital monitoring to ensure the safety of Plaintiff and her unborn child.

56. Instead of being able to see a doctor and receiving life-saving medical care for the unborn child, Plaintiff was forced to give birth to her stillborn child.

57. Defendants Unknown Lieutenant's, Unknown Jailer's, and Unknown Nurse's conduct amounted to a deliberate indifference to Plaintiff's serious medical need.

58. Said defendants' conduct amounted to an unlawful, unconstitutional violation of Plaintiff's right to be free from cruel and unusual punishment.

59. As a direct and proximate result of said defendants' conduct, Plaintiff has been damaged.

60. Based on the foregoing acts and omissions, all of which were malicious, recklessly indifferent, and reprehensible, Plaintiff should be awarded punitive damages.

61. Pursuant to 42 U.S.C. § 1988, Plaintiff should be awarded her reasonable attorney fees in addition to all of her costs.

WHEREFORE, Plaintiff requests for judgment in Count I in her favor; for actual damages in a fair and reasonable amount, plus interest on said sum at a rate of nine percent per annum on or from the date of Plaintiff's injuries or, alternatively, from the date this complaint is filed; punitive damages in such amount as will achieve

punishment or deterrence; Plaintiff's costs and reasonable attorney fees; and such other and further relief as this Court may deem just and proper under the premises.

COUNT II – Violation of 42 U.S.C. § 1983
Failure to Train
(Defendants White and Cole County)

62. Plaintiff incorporates herein the foregoing paragraphs.

63. Defendants White and Cole County knew or should have known that corrections officers in general would confront situations where, as here, there was a nearly full-term pregnant pretrial detainee who developed pregnancy complications and was in need of immediate medical and prenatal care.

64. Defendants White and Cole County failed to train Defendants Unknown Lieutenant and Unknown Jailer to handle such situations without violating such persons' constitutional rights.

65. Defendants White's and Cole County's failure to adequately train Defendants Unknown Lieutenant and Unknown Jailer and those persons working within the Cole County Jail resulted in violations of Plaintiff's constitutional rights.

66. At all relevant times, said defendants acted under the color of authority of the law of the State of Missouri.

67. As a direct and proximate result of such violations, Plaintiff has been damaged.

68. Said defendants' actions and/or omissions, as stated above, were reckless and outrageous and subjected Plaintiff to an unreasonable risk of harm such that an award of punitive damages to Plaintiff is warranted by said defendants' conduct.

69. Pursuant to 42 U.S.C. § 1988, Plaintiff should be awarded her reasonable attorney fees in addition to all of her costs.

WHEREFORE, Plaintiff requests for judgment in Count II in her favor; for actual damages in a fair and reasonable amount, plus interest on said sum at a rate of nine percent per annum on or from the date of Plaintiff's injuries or, alternatively, from the date this complaint is filed; punitive damages in such amount as will achieve punishment or deterrence; Plaintiff's costs and reasonable attorney fees; and such other and further relief as this Court may deem just and proper under the premises.

COUNT III – Negligence
(Defendants White and Cole County)

70. Plaintiff incorporates herein the foregoing paragraphs.

71. Defendants White and Cole County owed a duty to Plaintiff to ensure her safety and that of her unborn child while Plaintiff was detained in the Cole County Jail.

72. Defendants White and Cole County breached its said duty by allowing circumstances to develop and exist such that Plaintiff was unable to and precluded from receiving an evaluation by an OB/GYN or other qualified doctor, or having labor induced, or having in-hospital monitoring to ensure the safety of Plaintiff and her unborn child.

73. As a direct result of Defendants White's and Cole County's breach of said duty to Plaintiff, Plaintiff has been damaged.

74. Said defendants' actions and/or omissions, as stated above, were reckless and outrageous and subjected Plaintiff to an unreasonable risk of harm such that an award of punitive damages to Plaintiff is warranted by said defendants' conduct.

12

Case 2:15-cv-04277-MJW   Document 1   Filed 12/02/15   Page 12 of 18

75. Pursuant to 42 U.S.C. § 1988, Plaintiff should be awarded her reasonable attorney fees in addition to all of her costs.

WHEREFORE, Plaintiff requests for judgment in Count III in her favor; for actual damages in a fair and reasonable amount, plus interest on said sum at a rate of nine percent per annum on or from the date of Plaintiff's injuries or, alternatively, from the date this complaint is filed; punitive damages in such amount as will achieve punishment or deterrence; Plaintiff's costs and reasonable attorney fees; and such other and further relief as this Court may deem just and proper under the premises.

COUNT IV – Negligence
(Defendants Unknown Lieutenant and Unknown Jailer)

76. Plaintiff incorporates herein the foregoing paragraphs.

77. Defendants Unknown Lieutenant and Unknown Jailer owed a duty to Plaintiff to ensure her safety and that of her unborn child while Plaintiff was detained in the Cole County Jail.

78. Defendants Unknown Lieutenant and Unknown Jailer breached said duty by allowing circumstances to develop and exist such that Plaintiff was unable to and precluded from receiving an evaluation by an OB/GYN or other qualified doctor, or having labor induced, or having in-hospital monitoring to ensure the safety of Plaintiff and her unborn child.

79. As a direct result of Defendants Unknown Lieutenant's and Unknown Jailer's breach of said duty to Plaintiff, Plaintiff has been damaged.

80. Said defendants' actions and/or omissions, as stated above, were reckless and outrageous and subjected Plaintiff to an unreasonable risk of harm such that an award of punitive damages to Plaintiff is warranted by said defendants' conduct.

81. Pursuant to 42 U.S.C. § 1988, Plaintiff should be awarded her reasonable attorney fees in addition to all of her costs.

WHEREFORE, Plaintiff requests for judgment in Count IV in her favor; for actual damages in a fair and reasonable amount, plus interest on said sum at a rate of nine percent per annum on or from the date of Plaintiff's injuries or, alternatively, from the date this complaint is filed; punitive damages in such amount as will achieve punishment or deterrence; Plaintiff's costs and reasonable attorney fees; and such other and further relief as this Court may deem just and proper under the premises.

COUNT V – Wrongful Death
(Defendants Unknown Lieutenant and Unknown Jailer)

82. Plaintiff incorporates herein the foregoing paragraphs.

83. Plaintiff is a proper person to bring this claim because she was the natural parent of the unborn child, who died as alleged herein.

84. As Plaintiff's jailers, Defendants Unknown Lieutenant and Unknown Jailer owed a duty to Plaintiff to ensure her safety and that of her unborn child while Plaintiff was detained in the Cole County Jail.

85. Defendants Unknown Lieutenant and Unknown Jailer breached said duty by allowing circumstances to develop and exist such that Plaintiff was unable to and precluded from receiving an evaluation by an OB/GYN or other qualified doctor, or

having labor induced, or having in-hospital monitoring to ensure the safety of Plaintiff and her unborn child.

86. Defendants Unknown Lieutenant's and Unknown Jailer's conduct as set forth above failed to meet the appropriate standard of care and was thereby negligent.

87. Defendants Unknown Lieutenant's and Unknown Jailer's negligence directly caused or directly contributed to cause Plaintiff's unborn child's death.

88. As a direct and proximate result of said defendants' said negligence, Plaintiff's unborn child suffered pain and distress prior to dying.

89. As a direct and proximate result of Defendants Unknown Lieutenant's and Unknown Jailer's negligence, which wrongfully caused the death of Plaintiff's unborn child, Plaintiff has suffered pecuniary loss; mental anguish; emotional pain and suffering; and the loss of consortium, services, companionship, comfort, instruction, guidance, and counsel of her child; as well as medical, funeral, and burial expenses.

90. Neither Plaintiff nor her unborn child was contributorily negligent in any manner.

WHEREFORE Plaintiff requests for judgment in Count V in her favor; for damages for Plaintiff's unborn child's pain and suffering between the time of injury and the time of death and for the recovery of which the child might have maintained an action had death not ensued; for damages for Plaintiff's loss of consortium, services, companionship, comfort, instruction, guidance, and counsel of her unborn child, as well as medical, funeral, and burial expenses; and such other and further relief as this Court may deem just and proper under the premises.

## COUNT VI – Wrongful Death/Medical Malpractice
(Defendant Unknown Nurse)

91. Plaintiff incorporates herein the foregoing paragraphs.

92. Defendant Unknown Nurse owed a duty to use that degree of skill and learning ordinarily used under the same or similar circumstances by the members of her profession.

93. Defendant Unknown Nurse breached her duty to Plaintiff's unborn child because she failed to properly evaluate, diagnose, and/or treat Plaintiff and her unborn child in conformity with commonly accepted standards of medical care, in that:

   a. Defendant Unknown Nurse knew or should have known that Plaintiff, who was nearly full-term in her pregnancy, was having complications with her pregnancy, was experiencing abdominal and pelvic pain, was unable to feel any movement by the unborn child, and such lack of movement was irregular;

   b. Defendant Unknown Nurse knew or should have known that such circumstances indicated that either an evaluation by an OB/GYN or other qualified doctor, induced delivery, or in-hospital monitoring was necessary to ensure the safety of Plaintiff and her unborn child;

   c. Defendant Unknown Nurse carelessly and negligently failed to allow Plaintiff and her unborn child to be evaluated by an OB/GYN or other qualified doctor, failed provide for the transfer of Plaintiff and her unborn child to a facility capable of either inducing delivery and/or monitoring the pregnancy so as to enable medical providers to identify

and take appropriate action in time to prevent the unborn child's death.

94. Said Defendant Unknown Nurse's conduct as set forth above failed to meet the appropriate standard of care and was thereby negligent.

95. Said Defendant Unknown Nurse's said negligence directly caused or directly contributed to cause Plaintiff's unborn child's death.

96. As a direct and proximate result of said Defendant Unknown Nurse's said negligence, Plaintiff's unborn child suffered pain and distress prior to dying.

97. As a direct and proximate result of said Defendant Unknown Nurse's said negligence, which wrongfully caused the death of Plaintiff's unborn child, Plaintiff has suffered pecuniary loss; mental anguish; emotional pain and suffering; and the loss of consortium, services, companionship, comfort, instruction, guidance, and counsel of her child; as well as medical, funeral, and burial expenses.

98. Neither Plaintiff nor her unborn child was contributorily negligent in any manner.

WHEREFORE, Plaintiff requests for judgment in Count VI in her favor; for damages for Plaintiff's unborn child's pain and suffering between the time of injury and the time of death and for the recovery of which the child might have maintained an action had death not ensued; for damages for Plaintiff's loss of consortium, services, companionship, comfort, instruction, guidance, and counsel of her unborn child, as well as medical, funeral, and burial expenses; and such other and further relief as this Court may deem just and proper under the premises.

## JURY DEMAND

99. Plaintiff demands a trial by jury.

Respectfully submitted,

| HANRAHAN & NACY, P.C. | JOE PAGE LAW FIRM, L.L.C. |

by: /s/ *Gabriel E. Harris*  /s/ *Joseph Page*
Gabriel E. Harris    MBE: 66461    Joseph Page    MBE: 48344
522 East Capitol Avenue    612 Washington Street
Jefferson City, Missouri 65101    Jefferson City, Missouri 65101
Phone: 573-636-7900    Phone: 573-616-2527
Fax: 573-556-6340    Fax: 866-874-3601
Gabe@midmolegal.com    jpage@joepagelaw.com