SENTORIA MCMILLON )
)
    Plaintiff(s), )
)
v. )
                                         )   Cause No. 2:15-CV-4277
COLE COUNTY, MISSOURI, et al )
)   JURY TRIAL REQUESTED
    Defendant(s). )
)
)
)
)
)
)
)

## SUGGESTIONS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON BEHALF OF DEFENDANTS BARB SCOTT, DR. CATHERINE VAN VOORN, AND ADVANCED CORRECTIONAL HEALTHCARE, INC.

     COME NOW Defendants, Barb Scott, Dr. Catherine Van Voorn and Advanced Correctional Healthcare, Inc., by and through counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure and for their Suggestions in Support of Motion for Summary Judgment, state as follows:

## I.    STANDARD OF REVIEW

     Rule 56(c) FRFP requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the proof at trial." Celotex v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute

3494.48

on a material fact." <u>City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op.</u>, 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the non-moving party to go beyond his pleadings and show, by affidavit or by "deposition, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial <u>Celotex</u>, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. <u>Anderson v. Liberty Lobby Inc.</u>, 477 U.S. 242, 248 (1986). To meet its burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).

In ruling on a motion for summary judgment, the court must view all facts in a light most favorable to the non-moving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. at 247.

If "there is no genuine issue as to any material fact and . . . the moving parties entitled to a judgment as a matter of law," the court must grant summary judgment. Rule 56(c) FRCP.

A "trilogy of recent Supreme Court opinions" demonstrates that the courts should be "more hospitable to summary judgments than in the past". <u>City of Mt. Pleasant, Iowa</u>, supra at 273. The motion for summary judgment "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those cases that really do raise genuine issues of material fact". <u>Id</u>.

3494.48

**II.     AS A MATTER OF LAW, DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON THE DELIBERATE INDIFFERENCE CLAIMS BECAUSE PLAINTIFF FAILED TO PROVE THAT SHE SUFFERED FROM AN OBJECTIVELY SERIOUS MEDICAL NEED, THAT THE DEFENDANTS KNEW OF HER SERIOUS MEDICAL NEED, AND THAT DEFENDANTS DELIBERATELY DISREGARDED THE ACTUAL SERIOUS MEDICAL NEED.**

It should be noted that the only deliberate indifference claim allegations are against Barb Scott and ACH, and **not** Dr. Catherine Van Voorn. The crux of plaintiff's allegations against Barb Scott appears to be that she did not refer Plaintiff out to the hospital when Plaintiff had alleged complaints of pelvic pain and she was pregnant. The allegations relate to care provided in person by Barb Scott on October 8, 2015. Barb Scott is an LPN and not a physician.

In actions by prison inmates against prison officials for deliberate indifference under 42 U.S.C. Section 1983, it must be proven that: the plaintiff suffered from objectively serious medical needs; the defendant knew of the condition; and the defendant deliberately disregarded the complaint. Kitchen v. Miller, 343 F.Supp.2d 820, 823 (E.D. Mo. 2004); and Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997). The absence of proof for any one of these three elements is dispositive in an action for deliberate indifference under Section 1983.

To support a claim of deliberate indifference under 42 U.S.C. Section 1983, "[a] prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Circ. 1995). A medical

3494.48

decision not to order a particular course of treatment or testing does not represent cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 107 (1976). Likewise, mere displeasure with a course of medical treatment is not sufficient to rise to a constitutional violation. Kitchen v. Miller, 343 F.Supp.2d at 823. It has been held that prisoners do not have a constitutional right to any particular type of treatment. Long v. Nix, 86 F.3d 761, 765 (8th Circ. 1996).

Another element which must be satisfied in order to prevail on a claim of deliberate indifference under 42 U.S.C. Section 1983 is that the defendant *knew* of the plaintiff's condition. Kitchen v. Miller, 343 F.Supp.2d at 823. There must be actual knowledge of the risk of the harm, followed by deliberate inaction amounting to callousness. Bryan v. Endell, 141 F.3d 1290, 1291 (8th Cir. 1998); and Dulany v. Carnahan, 132 F.3d at 1239.

On Medical Questionnaire at intake at the jail, Plaintiff answered that she had no mental/emotional problems, no current illnesses, no medications, and no special diet, which clearly were inaccurate answers by Plaintiff. On October 7, 2015, Jailer Anderson and Lieutenant Pittman took Plaintiff's temperature and blood pressure. Anderson called Dr. Van Voorn at 8:27 p.m. on October 7, 2015. During this call, which was recorded, Anderson **did** tell Dr. Van Voorn that Plaintiff was experiencing pelvic problems, sharp pains, and Plaintiff was crying and looked clammy and sweaty. Anderson **did not** tell Dr. Van Voorn that the Plaintiff was pregnant because Plaintiff did not say she was pregnant to Jailer Anderson. Dr. Van Voorn assessed that this was not a serious health problem, that Plaintiff **did not** need to be sent to the hospital, and told Anderson to give Plaintiff two over-the-counter pain tablets and have Nurse Scott see Plaintiff the next

3494.48

morning. Dr. Van Voorn did not ignore Plaintiff, but actually ordered treatment

(medication) and follow-up within less than 18 hours. Nurse Scott examined Plaintiff

fully on October 8, 2015 because she saw the intake form noting that Plaintiff was

pregnant. However, the jail personnel **did not** tell her about the prior night's phone call

with Dr. Van Voorn. On October 8, 2015, Nurse Scott checked Plaintiff's temperature,

blood sugar, blood pressure, and discussed Plaintiff's medications. Nurse Scott is the

first person who became aware that Plaintiff was even diabetic and took medications for

her diabetes. Plaintiff **did not** tell Nurse Scott that she did not feel her baby move, or that

she was having any pelvic pain, or any other problems. Nurse Scott scheduled Plaintiff

for a routine obstetrical visit with her OB/GYN (Dr. Winn), which was set to occur on

(October 15, 2015) at Women & Children's Hospital per Dr. Winn's office. According

even to Plaintiff's expert, Barb Scott did not even deviate from the standard of care if

Barb Scott was not told about decreased fetal movement on the 8th. (*See Exhibit K, to

Statement of Uncontroverted Material Facts, pg. 60*).

  The facts presented in Defendants' Statement of Uncontroverted Material Facts,

and as cited above, demonstrate that Defendants provided prompt and adequate care for

the treatment of Plaintiff. They did not disregard any serious medical need. There is no

evidence in this case that Plaintiff had an objective serious medical need. In fact there **is**

evidence that Defendant Scott (the only individual Defendant against whom a Deliberate

Indifferent claim was alleged) ever knew that Plaintiff **did not** have an objective serious

medical need when seen by Nurse Scott on October 8. There is also no evidence that

Defendant Scott had actual knowledge of any risk of harm to Plaintiff or that she was

deliberate in her alleged inaction, which could amount to callousness, as is required by law to prove a deliberate indifference claim. Defendant Scott <u>never</u> ignored Plaintiff.

The facts presented herein, and those in the Statement of Uncontroverted Material Facts, demonstrate that Defendants were not deliberately indifferent to Plaintiff's serious medical needs, or that any alleged failure amounted to a constitutional violation. Defendants did not believe Plaintiff's condition on October 7 or 8 was urgent or emergent. Even if, assuming *arguendo,* that Defendants' treatment of Plaintiff was inadequate, it was, at best, mere negligence.

The only Constitutional claim that plaintiff even remotely raises is an 8th amendment claim contending that she was subject to cruel and unusual punishment. Our Supreme Court has clearly stated that a prisoner's 8th Amendment rights may be violated if prison officials exhibit deliberate indifference to the prisoner's serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976); <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994).

An Eighth Amendment claim that prison officials were deliberately indifferent to the medical needs of inmates involves both an objective and subjective standard. <u>Id</u>. It is the plaintiff's burden to demonstrate (1) that they suffered objectively serious medical needs and (2) that prison officials actually knew of but deliberately disregarded those needs. <u>Jolly v. Knudsen</u>,. 205 F.3d 1094, 1096 (8th Cir. 2000). The Supreme Court has likened deliberate indifference to a criminal recklessness standard, which traditionally has contained a subjective component. <u>Farmer</u>, 511 U.S. at 839. Under this subjective standard, an official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety; the official must be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also

3494.48

draw the inference. Id. at 837. Therefore, a prison official's failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge.

Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, supra at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997)(emphasis added). For a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). Plaintiff did not suffer objectively serious medical needs and his needs were not disregarded.

A treating physician is not deliberately indifferent to an inmate's serious medical needs absent a showing that the physician had actual knowledge of the risk of harm, followed by deliberate inaction amounting to callousness. Bryan v. Endell, 141 F.3d 1290 (8th Cir. 1998). In this case, there is no evidence that Nurse Barb Scott, who is just an LPN, disregarded any risk. Plaintiff was never denied any care or treatment, received medication, refused treatment and did not appear in pain when Barb Scott saw her. There is no evidence that Barb Scott's care was indifferent as she spoke with Plaintiff and obtained her diabetes medication.

Lack of being reasonable, or being unreasonable, does not rise to the level of deliberate indifference, as "reasonableness is a negligence standard". Crow v.

3494.48

Montgomery, 403 F.3d 598 (8th Cir. 2006).  Also, "however arguably negligent [a

defendants actions] may…appear in the clear light of hindsight, does not reveal the

existence of deliberate indifference…"  James v. Friend, 458 F.3d 726, 730 (8th Cir.

2006).

Plaintiffs' disagreement with the defendants' medical care is insufficient to state a

constitutional claim.  A doctor has no constitutional duty to continue the same treatment

plan prescribed by a different doctor.  Vaughn v. Lacey, 49 F.3d 1344, 1346 (8th Cir.

1995).  Doctors are free to reasonably disagree over the best course of treatment for a

particular condition and prison medical personnel have wide discretion in determining the

type of medical care that is necessary and appropriate in a given case.  Seward v. Hutto,

525 F.2d 1024, 1025 (8th Cir. 1975).

The Eighth Circuit has defined a "serious medical need" as "one that has been

diagnosed by a physician as requiring treatment, or one that is so obvious that even a lay

person would easily recognize the necessity for a doctor's attention." Coleman v. Rahija,

114 F.3d 778, 785 (8th Cir. 1997) (holding that pregnancy alone is not a serious medical

need); Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995), citing Johnson v. Busby,

953 F.2d 349, 351 (8th Cir. 1991).  Plaintiff has not made the showing of "serious medical

need" and therefore, Defendant Scott is entitled to Summary Judgment on the deliberate

indifference claim.  The facts are also clear that the plaintiff did not appear

uncomfortable or in pain when Barb Scott saw her.  Medical malpractice, inadvertent

failure to provide adequate medical care or simple negligence does not amount to a

constitutional violation.  Estelle, 429 U.S. at 106.

3494.48

Moreover, nothing in the 8th Amendment prevents jail doctors from exercising their independent medical judgment. Escoe v. Wankum, 21 F.3d 432 (8th Cir. 1994); White v. Farrier, 849 F.2d 322, 327 (8th Cir. 1988).

In addition, "Where the complaint involves treatment of a prisoner's sophisticated medical condition, expert testimony is required to show proof of causation." Alberson v. Norris, 458 F.3d 762 (8th Cir. 2006) citing Gibson v. Weber, 433 F.3d 642, 646 (8th Cir. 2006). "When the injury is a 'sophisticated' one, i.e., requiring surgical intervention or other highly scientific technique for diagnosis, proof of causation is not within the realm of lay understanding and must be established through expert testimony". Robinson v. Hager, 292 F.3d 560, 564 (8th Cir. 2002). Failure to provide such expert testimony is "fatal to [the inmates'] deliberate indifference claim as a matter of law". Id. at 564.

The undisputed facts are that the Defendants never placed plaintiff at an excessive risk of serious bodily harm, nor ever disregarded any such risk. Defendants never denied the plaintiff any necessary treatment or medical care.

Plaintiff has a heavy burden to avoid Summary Judgment being granted to defendants. Treatment must be "repugnant to the conscience of mankind". Estell, supra at 105-106. Even statements from a plaintiff's physician expert that "raises questions about the adequacy of care given this patient" and "illustrates that [prison tuberculosis] control program is not adequate', do not raise an inference of deliberate indifference. Dulaney, et al., supra. Moreover, even a statement by a plaintiff's physician expert (if any) that medical records support a suggestion of a callous attitude is not enough. Id. However, there is absolutely no evidence in this case, including that of Plaintiff's expert

3494.48

(Werner) about Defendants being deliberately indifferent or that Plaintiff had a serious medical need.

**III.     THE UNDISPUTED MATERIAL FACTS ARE THAT PLAINTIFF CANNOT PROVE THAT ANY NEGLIGENCE OR DELIBERATE INDIFFERENCE OF DEFENDANTS CAUSED PLAINTIFF ANY DAMAGES OR THAT TREATMENT ON OCTOBER 7 OR 8, 2015 WOULD HAVE ALTERED PLAINTIFF'S OUTCOME.**

When a causal link is so tenuous as to justify taking it from the trier of fact, a court may decide the issue as a matter of law. Ricketts v. City of Columbia, 36 F.3d 775, 779-80 (8th Cir. 1994). The failure to produce expert testimony that a lack of proper medical treatment caused inmate's injury is fatal to a deliberate indifference claim. Alberson v. Norris, 458 F.3d 762, 765-66 (8th Cir. 2006). See also Robinson v. Hager, 292 F.3d 560 (8th Cir. 2002)(finding that expert testimony was required to show causal link between prison officials' failure to administer blood pressure medication and inmate's stroke).

Causation is also necessary in the medical malpractice claims against Defendants in Counts VII, VIII, and IX.  To allow Plaintiff's claim for medical negligence to go to the jury, Plaintiffs must present (1) proof that Defendants' acts or omissions failed to meet the requisite standard of care; (2) proof that the acts or omissions were performed negligently; and (3) proof of a causal connection between the acts or omissions and the injury sustained by Plaintiffs. Klaus v. Deen, 883 S.W.2d 904, 907 (Mo. App. E.D. 1994) and Gage v. Morse, 933 S.W.2d 410, 415 (Mo. App. S.D. 1996). An expert's testimony must based upon and *supported by* sufficient facts in evidence. See Heisler v.

3494.48

Jetco Service, 849 S.W.2d 91, 95 (Mo. Ct. App. E.D. 1993) (emphasis added). To establish causation, the tortfeasor's conduct must be both the cause in fact and the proximate, or legal cause of the Plaintiffs' injury. Callahan v. Cardinal Glennon Hospital, 863 S.W.2d 852 (Mo. banc. 1993).

The sole allegation of deviation from the standard of care by Dr. Van Voorn was on October 7 and by Barb Scott was on October 8. Even Plaintiff's expert, Dr. Werner, does not know if the baby was still alive on October 7. Ms. McMillon testified that she felt no fetal movement at all as of the 7th of October. Further, even if the baby was alive October 7, there will be no testimony that the baby would have survived with different care and treatment on October 7 or 8. If the fetus succumbed in utero on October 7 and the patient was sent to the hospital that day or the next day, she would have been admitted to hospital and induced, just like as occurred on October 15, and the fetus would have been stillborn. Therefore, there would be no change in the outcome or the type of care and treatment that was provided by earlier treatment.

While Plaintiff's expert, Dr. Carolyn Werner, admitted that she did not know if the baby was already dead on October 7 or October 8, and she also testified that she did not know if any different treatment on October 7 or 8 would have changed the outcome, the defendants' expert, Dr. Bruce Bryan, testified that the baby was likely dead by the time that Dr. Catherine Van Voorn and Barb Scott had any involvement or knowledge about Plaintiff.

Plaintiff cannot establish causation, and cannot prove that different care and treatment would have prevented the outcome for Plaintiff. Therefore, summary judgment

3494.48

should be granted on both the Deliberate Indifference claims (Counts I and II), as well as the Medical Malpractice claims (Counts VII, VIII, and IX).

**IV.    AS A MATTER OF LAW, DEFENDANT ADVANCED CORRECTIONAL HEALTHCARE IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM OF DELIBERATE INDIFFERENCE IN COUNT II BECAUSE PLAINTIFF HAS NOT, AND CANNOT, DEMONSTRATE, AS A MATTER OF LAW, THAT ACH ESTABLISHED A POLICY, PROCEDURE OR CUSTOM THAT VIOLATED PLAINTIFF'S CONSTITUTIONAL RIGHTS**

There is absolutely no evidence that Advanced Correctional Healthcare had any policy, procedure, or custom that violated Plaintiff's constitutional rights.  A prisoner's Eighth Amendment rights are violated if prison officials exhibit deliberate indifference to the prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976); Farmer v. Brennan, 511 U.S. 825 (1994). It is a violation of the Eighth Amendment to deny medical care for a serious medical need that results in pain and suffering. Estelle, 492 U.S. at 103. "[N]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." Whitley v. Albers, 475 U.S. 312, 319 (1986). "After incarceration, only the 'unnecessary and wanton infliction of pain' . . .constitutes cruel and unusual punishment forbidden by the Eighth Amendment."  Estelle, supra at 104. Where a pretrial detainee is involved, the analysis remains the same, although the right arises under the Fourteenth Amendment, rather than the Eighth. Jackson v. Buckman, 756 F.3d 1060, 1065 (8th Cir. 2014)

Plaintiff must do more than prove one of the providers violated his constitutional rights to establish liability against ACH. Plaintiff must also prove that (1) ACH had a

3494.48

policy that (2) itself was unconstitutional, and (3) that policy was the moving force behind the providers unconstitutional actions. <u>Luckert v. Dodge Cty.</u>, 684 F.3d 808, 820 (8th Cir. 2012). None of the evidence in the record supports any of these elements.

Putting aside whether the individual medical providers were deliberately indifferent, Plaintiff cannot demonstrate that ACH had a policy that was itself unconstitutional and caused the constitutional violation. All decisions by Dr. Van Voorn and Nurse Scott were based on their medical judgment. Therefore, ACH must be granted summary judgment.

WHEREFORE, for all the reasons set forth herein, as well as the reasons set forth in Defendants Scott, Van Voorn, and Advanced Correctional Healthcare's Motion for Summary Judgment and Statement of Uncontroverted Material Facts, these Defendants respectfully request that this Court grant their Motion for Summary Judgment, to enter judgment in their favor on all claims asserted against them in Plaintiff's Amended Complaint, for costs and expenses incurred and for any other relief which this Court deems proper.

*/s/ J. Thaddeus Eckenrode*
J. Thaddeus Eckenrode MoBar #31080
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Rd., Ste. 110
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
*Attorney for Defendant(s)*

3494.48

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via court's electronic filing system and electronic mail on this 1st day of May, 2017 to the following:

**Gabriel Harris**
Carson & Coil, P.C.
515 E. High St., Ste. #301
Jefferson City, MO 65101

**Joseph Page**
Joe Page Law Firm, L.L.C.
612 Washington Street
Jefferson City, MO 65101

**William Nacy**
Hanrahan and Nacy, P.C.
522 East Capitol Avenue
Jefferson City, MO 65101
*Attorneys for Plaintiff*

*/s/ Katie Young*

3494.48